UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| HOSSEIN RAMEZANNEJAD | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-135 |
| | § | |
| MARIO GARCIA[1] *et al.* | § | |

## ORDER

Petitioner, an Iranian national in ICE custody, brings this 28 U.S.C. § 2241 Petition challenging his continued detention (*see* Dkt. No. 1). He also claims he has experienced medical emergencies in detention (Dkt. No. 1 at 6–7). The Court ordered supplemental briefing to clarify Petitioner's claims, and the parties timely complied (Dkt. Nos. 11, 12, 13, 14). Upon reviewing the filings and law, the Court **DENIES WITHOUT PREJUDICE** Petitioner's writ (Dkt. No. 1).

## I.    BACKGROUND

Petitioner, an undocumented alien, is currently detained at the Webb County Detention Center in Laredo, Texas (Dkt. No. 1 at 2, ¶ 3). On October 7, 2025, an Immigration Judge ("IJ") orally ordered him removed from the United States (Dkt. No. 12-1 at 2). Petitioner appealed his final order of removal, and the Board of Immigration Appeals ("BIA") dismissed the appeal on March 2, 2026 (Dkt. Nos. 12-1 at 7; 13-1 at 2–3).

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c)(3), a detainee may seek habeas relief if they are "in

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin is automatically substituted for Respondent Kristi Noem in this case. The Clerk of Court is **DIRECTED** to substitute this party on the docket sheet.

custody in violation of the Constitution or laws or treaties of the United States." "The petitioner 'bears the burden of proving that [they are] being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy [their] burden of proof by a preponderance of the evidence.'" *Puertas-Mendoza v. Bondi*, No. SA-25-CV-00890-XR, 2025 WL 3142089, at *1 (W.D. Tex. Oct. 22, 2025) (Rodriguez, J.) (quoting *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025)).

### III.    DISCUSSION

#### A.  8 U.S.C. §§ 1225(b)(2), 1226(a)

At the time Petitioner filed this habeas action, he was detained pursuant to 8 U.S.C. § 1225(b)(2) (*see* Dkt. No. 7 at 3). To the extent Petitioner disputes Respondents could lawfully do that, the Fifth Circuit explicitly rejected that position in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (*see* Dkt. No. 1 at 8–9). The Fifth Circuit's decision in *Buenrostro-Mendez* indisputably binds this Court. *See, e.g.*, *Perez v. Abbott*, 250 F. Supp. 3d 123, 139 (W.D. Tex. 2017) (citation modified) ("[A] district court is bound by a circuit decision unless or until it is overturned by an *en banc* decision of the circuit court or a decision of the Supreme Court." (citing *Soc'y of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1211 (5th Cir. 1991), *on reh'g*, 959 F.2d 1283 (5th Cir. 1992))).

#### B.  8 U.S.C. § 1231

"A detainee held under 8 U.S.C. § 1231 can only challenge his detention on due process grounds under the framework laid out in [*Zadvydas v. Davis*, 533 U.S. 678 (2001)], unless exceptional circumstances apply." *Van Do v. Ward, Camp E. Mont.*, No. 3:25-CV-00634-LS, 2026 WL 949060, at *2 (W.D. Tex. Apr. 7, 2026) (citing *Castaneda v. Perry*, 95 F.4th 750, 760–61 (4th Cir. 2024)); *see also Linares v. Collins*, No. 1:25-CV-00584-RP, 2025 WL 2726549, at *6 (W.D. Tex. Aug. 12, 2025) (absent a *Zadvydas* claim,

petitioners lack the ability to bring a procedural due process challenge), *report and recommendation adopted*, No. 1:25-CV-584-RP, 2025 WL 2726067 (W.D. Tex. Sept. 24, 2025). But before *Zadvydas* even comes into play, the statutory framework affords the Government ninety days, from the date an order becomes administratively final, to effectuate the alien's removal. 8 U.S.C. § 1231(a)(1)(A). Aliens are generally detained during the removal period. § 1231(a)(2)(A).

Here, Petitioner's order of removal became final when the BIA dismissed his appeal on March 2, 2026. *See* 8 C.F.R. § 1241.1(a) (an order of removal becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals"). Thus, he is still within the statutory removal period. "Congress has expressly authorized the detention of noncitizens during this initial 90-day removal period to effectuate removal, and such detention is presumptively constitutional. Because DHS is statutorily required to detain Petitioner during this period, Petitioner's writ is premature." *Fonseca v. Vergara*, No. 5:26-CV-00691-MA, 2026 WL 475299, at *1 (W.D. Tex. Feb. 18, 2026) (Alvarez, J.) (citations and footnotes omitted).

Although he is still within the statutory removal period, the Court recognizes Petitioner has been constantly detained for over two years (Dkt. No. 12 at 4). However, the lion's share of that period constitutes withholding only proceedings or appeals to his deportation order. *See Roman v. Garcia*, No. 6:24-CV-01006, 2025 WL 1441101, at *3 (W.D. La. Jan. 29, 2025) ("[O]rdinary delays associated with processing an alien's claim for withholding or asylum do not normally trigger the concerns raised by *Zadvydas*."), *report and recommendation adopted sub nom. Lobaton v. Garcia*, No. 6:24-CV-01006, 2025 WL 1440056 (W.D. La. May 19, 2025). Indeed, the Fifth Circuit signaled that an

3

alien hampers their removal—consequently prolonging their detention—by tying their deportation order up in litigation. *Balogun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993) (collecting cases); *see also Hernandez-Esquivel v. Castro*, No. 5-17-CV-0564-RBF, 2018 WL 3097029, at *7–8 (W.D. Tex. June 22, 2018).

### C. Deliberate Indifference to Medical Needs

It is well-settled that habeas is not the proper vehicle to raise claims of deliberate indifference to serious medical needs. *McBarron v. Jeter*, 243 F. App'x 857, 857 (5th Cir. 2007); *Mora v. Warden, Fed. Corr. Complex*, 480 F. App'x 779, 780 (5th Cir. 2012) ("The district court therefore correctly concluded that [a denial of medical care] claim was not cognizable under § 2241."). Because Petitioner's claims sound in his release from detention, the Court cannot grant him relief related to his conditions of confinement. *Lum v. U.S. Immigr. & Customs Enf't*, No. CV 26-0924, 2026 WL 1292144, at *4 (W.D. La. Apr. 6, 2026) (collecting cases), *report and recommendation adopted*, No. 3:26-CV-00924 SEC P, 2026 WL 1293753 (W.D. La. May 11, 2026); *see also Roman*, 2025 WL 1441101, at *5 (finding the court lacked jurisdiction to consider a conditions of confinement claim in a habeas action).

### IV.   CONCLUSION

Accordingly, Petitioner's 28 U.S.C. § 2241 writ of habeas corpus (Dkt. No. 1) is **DENIED WITHOUT PREJUDICE AS PREMATURE**. Petitioner's Motion for Expedited Consideration (Dkt. No. 2) is **DENIED AS MOOT**. Respondents' Response and Motion for Summary Judgment (Dkt. No. 7) and Motion to Dismiss (Dkt. No. 13) are **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to **TERMINATE** this Civil Action.

It is so **ORDERED**.

**SIGNED** May 29, 2026.

Marina Garcia Marmolejo
United States District Judge